IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 02:06cr198-WKW |
| | ) |
| RONALD MCQUEEN | ) |

**GOVERNMENT'S RESPONSE TO ORDER**
**FILED ON NOVEMBER 17, 2006, DOCUMENT 35**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully submits the attached documents pursuant to the court's Order dated November 17, 2006. (Doc. 35).

On November 13, 2006, this court conducted an evidentiary hearing on defendant's motion to suppress. Detective T. James presented testimony regarding two search warrants during the hearing. However, the search warrants were not offered into evidence. Therefore, the government submits the attached search warrants to be considered as part of the evidence for the evidentiary hearing held on November 13, 2006.

1. Exhibit A: Document Search Warrant, Affidavit in Support of a Document Search Warrant with Attachment 1; and
2. Exhibit B: Drug Search Warrant, Affidavit in Support of a Drug Search Warrant.

Respectfully submitted on this 20th day of November 2006.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/Tommie Brown Hardwick
                TOMMIE BROWN HARDWICK
                One Court Square, Suite 201
                Montgomery, AL 36104
                Phone: (334) 223-7280
                Fax: (334) 223-7135
                E-mail: tommie.hardwick@usdoj.gov
                ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 02:06cr198-WKW |
| | ) | |
| RONALD MCQUEEN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan G. James, Esq.

Respectfully submitted,

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

**GOVERNMENT EXHIBIT A**

# SEARCH WARRANT

STATE OF ALABAMA            )     DOCUMENT SEARCH WARRANT
                            )
COUNTY OF MONTGOMERY        )
                            )
CITY OF MONTGOMERY          )

**TO ANY SHERIFF, DEPUTY, AND/OR MUNICIPAL OFFICER OR CHIEF OF POLICE:**

Proof of affidavits, which are attached hereto and incorporated by reference, having been made this day before me, by Detective T.D. James, #1170, of the Special Operations Division of the Montgomery Police Department, Montgomery, Alabama

**You are hereby commanded to make immediate search of:**

8833 Ashland Park, Montgomery, Alabama; any persons, outbuildings, and vehicles locatedwithin thecurtilage thereof.

**For the following property:** U.S. Currency, records, books, computers, notes ledgers and/or items listed in Attachments I or II

And if you find the same or any part thereof, to bring it forthwith before me, at my office at the Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violation of a State law, return the same to any State Court.

Dated this ___27___ day of ___July___, 2006. @ 3:45 p.m.

_____
MUNICIPAL COURT JUDGE
CITY OF MONTGOMERY
MONTGOMERY COUNTY
MONTGOMERY, ALABAMA

14

STATE OF ALABAMA        )  AFFIDAVIT IN SUPPORT OF A
COUNTY OF MONTGOMERY )  DOCUMENT SEARCH WARRANT
CITY OF MONTGOMERY    )

## AFFIDAVIT

T.D. James, #1170, a Detective of the Narcotics & Intelligence Bureau of the Montgomery Police Department, Montgomery, Alabama, being duly sworn, deposes and says:

This affiant is an investigator of the Montgomery, Alabama Police Department and has been a police officer for said agency for over 5 years. Your affiant has conducted narcotics investigations for the Montgomery Police Department for over 2 years. During your affiant's tenure as a investigative law enforcement officer, he has conducted numerous criminal investigations leading to the arrest and conviction of numerous defendants in Federal, State and Municipal Courts of the United States. Your affiant's training and participation in the investigations of drug traffickers has given him knowledge to recognize the methods used to further their illegal activities.

Based upon the affiant's training, experience and participation in other controlled substance investigations, he knows the following:

a). That the sale of cocaine and other controlled substances generates large quantities of United States Currency usually in small denominations;

b). That the courts have recognized that the small and medium denominations of questionable currency, along with the manner in which the currency is handled, carried and concealed may establish probable cause that there is a substantial connection between the questionable currency and narcotics transactions;

c). That the Currency Transaction Report (CTR) (IRS Form 4789), which is required to be completed and filed with the IRS by all financial institutions on every currency transaction which exceeds $10,000.00 causes tremendous problems for narcotics traffickers when they attempt to negotiate their illegal profits at a financial institution, causing them to maintain large amounts of cash on hand;

d). That the courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances;

e). That large-scale narcotics traffickers must maintain, on hand, large amounts of United States Currency in order to maintain and finance their on-going narcotics business;

f). That it is common for narcotics traffickers to maintain books, records, notes, ledgers, airline tickets, receipts relating to the purchase of financial instruments and/or the transfer of funds, and other papers relating to the transportation.

Based on this affiant's training and experience he has probable cause to believe and does believe that drug records, telephone tolls, currency and other items listed above and in Attachment I are being stored and/or concealed in the 8833 Ashland Park Drive, Montgomery, Alabama; and any persons, outbuildings, and vehicles located within the curtilage thereof.

1) Probable cause being that in the month of July 2006, Detective T.D. James received information from a confidential and reliable informant, hereafter referred to as "A", observed Ronald McQueen, DOB: 06/18/1983, sell, deliver, and possess large quantities of cocaine on numerous occasions.

2) Further probable cause being that "A" provided information that Ronald McQueen would be delivering two kilos of cocaine to the 2200 block of Cherry Street, Montgomery, Alabama on July 27th 2006.

3) Further probable cause being that on July 26th and 27th 2006, the Special Operations Division conducted surveillance on Ronald McQueen from 8833 Ashland Park Drive to numerous stops through the Montgomery County area.

4) Further probable cause being that during the surveillance McQueen was observed traveling to 8833 Ashland Park Drive, Montgomery, Alabama on three separate occasions.

5) Further probable cause being that at approximately 1345 hours, Ronald McQueen left 8833 Ashland Park Drive and traveled to the 2200 block of Cherry Street, Montgomery, Alabama.

6) After observing McQueen on Cherry Street the Special Operations Division attempted to conduct and investigative stop when the subject fled in the vehicle and on foot before being apprehended. Located in the vehicle was approximately two kilos of cocaine in the back passenger floorboard. There were no other occupants in the vehicle.

7) Further probable cause that upon further investigation a boarding pass to the Bahamas was listed for Ronald McQueen with his address listed as 8833 Ashland Park Drive, Montgomery, Alabama.

8) Further probable cause being that "A" has provided accurate and reliable information in this and other cases that has been verified by the Montgomery Police Department.

Based upon the aforementioned facts and circumstances, your affiant submits that probable cause does exist to believe that the following items (see Attachment I) are located at 8833 Ashland Park Drive, Montgomery, Alabama.

SWORN TO AND SUBSCRIBED BEFORE ME THIS __27__ DAY OF __July__, 2006. @ 3:45 p.m.

___CPL.T.D____ #1170
DETECTIVE T.D. JAMES, #1170
SPECIAL OPERATIONS DIVISION
NARCOTICS AND INTELLIGENCE BUREAU
MONTGOMERY POLICE DEPARTMENT
MONTGOMERY, ALABAMA

_____
MUNICIPAL JUDGE
MUNICIPAL COURT
CITY OF MONTGOMERY
MONTGOMERY, ALABAMA

17

## ATTACHMENT I

1. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances.

2. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel.

3. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of the obtaining, secreting, transfer, concealment and/or the proceeds of illegal drug trafficking.

4. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal drug trafficking.

5. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances.

6. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture and electronic equipment.

7. Paraphernalia for packaging, cutting, weighing, and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, police scanners, binoculars and parabolic microphones.

8. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, keys and cancelled envelopes.

9. Firearms

10. Computers, disks, CD's, including, but not limited to, items used to store or transmit materials, recipes or proceeds used in the manufacture, distribution or possession of illegal drugs.

GOVERNMENT EXHIBIT B

# SEARCH WARRANT

STATE OF ALABAMA         )                 DRUG SEARCH WARRANT
                         )
COUNTY OF MONTGOMERY     )
                         )
CITY OF MONTGOMERY       )


TO ANY SHERIFF, DEPUTY, AND/OR MUNICIPAL OFFICER OR CHIEF OF POLICE:

Proof of affidavits, which are attached hereto and incorporated by reference, having been made this day before me, by <u>Detective T. D. James #1170, of the Special Operations Division, Narcotics Bureau, with the Montgomery Police Department</u>. You are hereby commanded to make immediate search of:

<u>8833 ASHLAND DRIVE MONTGOMERY, ALABAMA, ANY PERSON, OUTBUILDINGS AND VEHICLES LOCATED WITHIN THE CURTILAGE THERE OF.</u>

for the following property <u>Marijuana and any other controlled substances, U.S. Currency, records of drug sales, drug paraphernalia, items described within this affidavit, items listed in   Attachment I.</u>

And if you find the same or any part thereof, to bring it forthwith before me, at my office at Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violation of a state law return the same to any State Court.

Dated this __27__ day of __July__, 2006.
              5:15 pm

                                             _____
                                             JUDGE, MUNICIPAL COURT
                                             CITY OF MONTGOMERY
                                             MONTGOMERY COUNTY
                                             MONTGOMERY, ALABAMA

| STATE OF ALABAMA | ) | AFFIDAVIT IN SUPPORT OF A |
| --- | --- | --- |
| COUNTY OF MONTGOMERY | ) | DRUG SEARCH WARRANT |
| CITY OF MONTGOMERY | ) | |

## AFFIDAVIT

BEFORE ME, THE HONORABLE _LES HAYES IV_, JUDGE OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY, MONTGOMERY, ALABAMA, THE UNDERSIGNED, DETECTIVE T. D. JAMES #1170, PERSONALLY APPEARED AND STATED THAT HE IS A DETECTIVE WITH AND FOR THE SPECIAL OPERATIONS DIVISION, NARCOTICS BUREAU OF THE MONTGOMERY POLICE DEPARTMENT, MONTGOMERY, ALABAMA AND HE HAS REASON TO BELIEVE THAT MARIJUANA IS BEING STORED AT 8833 ASHLAND PARK DRIVE, MONTGOMERY, ALABAMA. THE RESIDENCE IS DESCRIBED AS BEING A SINGLE STORY BRICK DWELLING WITH A GARAGE IN FRONT. THIS IS IN VIOLATION OF THE CODE OF ALABAMA, 1975, SECTION 13A-12-213. THE FACTS TENDING TO ESTABLISH THE FOREGOING GROUNDS FOR ISSUANCE OF A SEARCH WARRANT ARE AS FOLLOWS:

ON JULY 27, 2006, THE MONTGOMERY POLICE DEPARTMENT'S NARCOTICS BUREAU EXECUTED A DOCUMENT SEARCH WARRANT AT 8833 ASHLAND PARK DRIVE. DURING THE EXECUTION OF THE SEARCH WARRANT A QUANTITY OF MARIJUANA WAS LOCATED INSIDE OF THE RESIDENCE. THE DOCUMENT SEARCH WARRANT WAS IMMEDIATELY CEASED AND THE RESIDENCE WAS SECURED PENDING THE COURT'S APPROVAL OF A DRUG SEARCH WARRANT.

THE FOREGOING IS BASED ON THE PERSONAL KNOWLEDGE OF THIS AFFIANT,

OTHER MEMBERS OF THE NARCOTICS BUREAU AND FACTS OBTAINED BY THE MONTGOMERY POLICE DEPARMENT NARCOTICS AND INTELLIGENCE BUREAU, MONTGOMERY, ALABAMA, AND IS MADE FOR THE PURPOSE OF SECURING A DRUG SEARCH WARRANT FOR THE RESIDENCE OF 833 ASHLAND PARK DRIVE, MONTGOMERY, ALABAMA. THIS SEARCH WARRANT IS FOR MARIJUANA TO INCLUDE: DRUG PARAPHERNALIA, RECORDS OF DRUG TRANSACTIONS, DRUG BUY MONIES, WEAPONS AND ANY ITEMS LISTED IN ATTACHMENT I: ALSO TO INCLUDE ANY PERSONS LOCATED AT THE RESIDENCE AND ALL COMMON AREA, OUTBUILDINGS, AND VEHICLES LOCATED WITH IN THE CURTILAGE THEREOF.

SWORN TO AND SUBSCRIBED BEFORE ME THIS  27  DAY OF  July , 2006.
5:15pm

_____
DETETECTIVE T.D. JAMES #1170
SPECIAL OPERATIONS DIVISION
NARCOTICS AND INTELLIGENCE BUREAU
MONTGOMERY POLICE DEPARTMENT
MONTGOMERY, ALABAMA

_____
MUNICIPAL JUDGE
MUNICIPAL COURT
CITY OF MONTGOMERY
MONTGOMERY, ALABAMA

## ATTACHMENT I

1. Controlled, dangerous substances and related paraphernalia.

2. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances.

3. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel.

4. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of the obtaining, secreting, transfer, concealment and/or the proceeds of illegal drug trafficking.

5. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal drug trafficking.

6. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances.

7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture and electronic equipment.

8. Paraphernalia for packaging, cutting, weighing, and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, police scanners, binoculars and parabolic microphones.

9. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, keys and cancelled envelopes.

10. Firearms