```
 1                IN THE UNITED STATES DISTRICT COURT
 2                FOR THE MIDDLE DISTRICT OF ALABAMA
 3                         NORTHERN DIVISION
 4
 5  UNITED STATES OF AMERICA
 6       vs.                      CASE NO.:  2:06cr198-WKW
 7  RONALD McQUEEN,
 8          Defendant.
 9
10
11
12                    * * * * * * * * * *
13                   CHANGE OF PLEA PROCEEDINGS
14                    * * * * * * * * * *
15         BEFORE THE HONORABLE CHARLES S. COODY, UNITED STATES
16  MAGISTRATE JUDGE, at Montgomery, Alabama, on Thursday,
17  December 28, 2006, commencing at 10:50 a.m.
18  APPEARANCES:
19  FOR THE GOVERNMENT:      Ms. Tommie Brown Hardwick
                             Assistant United States Attorney
20                           OFFICE OF THE UNITED STATES ATTORNEY
                             One Court Square, Suite 201
21                           Montgomery, Alabama  36104
22  FOR THE DEFENDANT:       Ms. Susan Graham James, Attorney at Law
                             SUSAN G. JAMES & ASSOCIATES
23                           600 South McDonough Street
                             Montgomery, Alabama  36104
24
              Proceedings reported stenographically;
25                transcript produced by computer.
```

```
 1      (The following proceedings were heard before the Honorable
 2       Charles S. Coody, United States Magistrate Judge, at
 3       Montgomery, Alabama, on Thursday, December 28, 2006,
 4       commencing at 10:50 a.m.:)
 5      (Defendant present)
 6           THE COURT:  Before we proceed, Ms. Graham, as I
 7  understand it, there is no plea agreement in this case; is that
 8  correct?
 9           MS. JAMES:  That's correct.
10           MS. HARDWICK:  That's correct, Your Honor.
11           THE COURT:  All right.  But I also understand that this
12  plea is going to be entered with respect to reserving
13  Mr. McQueen's right to appeal the suppression issue?
14           MS. JAMES:  Judge, that's not an agreement that we
15  had.  That's certainly something that I have explored, because I
16  looked at the rules today.  That's something that we would have
17  liked to have done.  But the way I read the rules, I don't think
18  by entering the guilty plea -- I think we have to have
19  concurrence with the government.
20           MS. HARDWICK:  There is no agreement on that.
21           THE COURT:  All right.  Mr. McQueen, for the purpose of
22  entering a plea, you must be placed under oath.  If you will
23  please raise your right hand and be sworn.
24      (The defendant is sworn)
25           THE COURT:  Mr. McQueen, let me remind you now that you
```

```
 1  are under oath, should you answer falsely any of the questions
 2  put to you during this proceeding, those answers can later be
 3  used against you in a prosecution for perjury or for making a
 4  false statement.  Do you understand that?
 5          THE DEFENDANT:  Yes, sir.
 6          THE COURT:  What is your full name?
 7          THE DEFENDANT:  Ronald James McQueen.
 8          THE COURT:  And how old are you?
 9          THE DEFENDANT:  23.
10          THE COURT:  How far have you gone in school?
11          THE DEFENDANT:  Eighth grade, but I got my GED, though.
12          THE COURT:  All right.  Mr. McQueen, have you recently
13  been treated for any mental illness or addiction to narcotic
14  drugs?
15          THE DEFENDANT:  No, sir.
16          THE COURT:  Are you currently under the influence of
17  any drugs, medicine, pills, or alcoholic beverage?
18          THE DEFENDANT:  No, sir.
19          THE COURT:  Mr. McQueen, you have the right to have the
20  next higher ranking judge conduct these proceedings.  I'm a
21  United States magistrate judge.  The judge next higher in rank
22  is the district judge.  And you have the right to have the
23  district judge both conduct these proceedings and to adjudicate
24  your guilt based on your guilty plea; however, you may consent
25  to my handling those matters this morning.  Have you and
```

```
 1  Ms. Graham talked about that?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  And you've signed already the consent
 4  form.  Does that signature indicate that you consent to my
 5  handling these matters?
 6          THE DEFENDANT:  Yes, sir.
 7          THE COURT:  All right.  Mr. McQueen, have you received
 8  a copy of the indictment returned against you in this case?
 9  That's the written charges.
10          THE DEFENDANT:  Uh-huh.  Yes, sir.
11          THE COURT:  All right.  And have you had time to
12  discuss the charges against you with Ms. Graham, your lawyer?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  Do you --
15          MS. JAMES:  Excuse me.  For the record, Ms. James.
16          THE COURT:  Ms. James.  I'm sorry.
17          MS. JAMES:  That's my middle name.
18          THE COURT:  Why would I do that?
19          MS. JAMES:  Because that's my middle name and --
20          THE COURT:  That is your middle name.
21          MS. JAMES:  -- it appears on the --
22          THE COURT:  I apologize.
23          MS. JAMES:  That's okay.
24          THE COURT:  Ms. James.
25          MS. JAMES:  I didn't want it to somewhere down the road
```

```
 1  say he didn't have his lawyer with him.
 2          THE COURT:  It's just my senility.
 3          Have you had a full, complete opportunity to discuss
 4  the charges against you with Ms. James, your lawyer?
 5          THE DEFENDANT:  Yes, sir.
 6          THE COURT:  And do you understand the charges?
 7          THE DEFENDANT:  Yes, sir.
 8          THE COURT:  Has anyone made any promise to you to get
 9  you to plead guilty in this case?
10          THE DEFENDANT:  No, sir.
11          THE COURT:  Mr. McQueen, you need to understand that
12  even if the sentence ultimately imposed on you is more severe
13  than the sentence you expect, you will not have any right to
14  withdraw your guilty plea.  Do you understand that?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  Has anyone attempted in any way to force
17  you to plead guilty in this case?
18          THE DEFENDANT:  No, sir.
19          THE COURT:  All right.  The offense to which you are
20  entering a guilty plea, which is the single count in the
21  indictment -- correct, Ms. James?
22          MS. JAMES:  Yes, sir.
23          THE COURT:  -- which is that you knowingly and
24  intentionally possessed with intent to distribute approximately
25  500 grams or more of a substance containing a detectable amount
```

```
 1  of cocaine hydrochloride, is a felony offense.  And upon
 2  conviction of that offense, you may be deprived of valuable
 3  civil rights, such as the right to vote, the right to hold
 4  public office, the right to serve on a jury, and the right to
 5  possess any kind of firearm.  Do you understand that?
 6          THE DEFENDANT:  Yes, sir.
 7          THE COURT:  The maximum punishment for this offense,
 8  Mr. McQueen, is a term of imprisonment of not less than ten
 9  years nor more than life, a fine of not more than $4 million, or
10  both the fine and the imprisonment.  Upon release from any
11  imprisonment, you would be subject to a period of supervised
12  release of not less than eight years.  And you would be required
13  to pay a $100 assessment fee to the Court.  Do you understand
14  the maximum punishment for this offense?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  Mr. McQueen, if sentenced to a term of
17  imprisonment and later placed on supervised release, should you
18  violate the conditions of supervised release, you can be given
19  additional time in prison.  Do you understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Now, have you and Ms. James talked about
22  the sentencing guidelines and how they will apply in and affect
23  your case?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  Even though the sentencing guidelines are
```

```
 1  no longer mandatory, Mr. McQueen, they remain an important
 2  factor which the court must and will consider in imposing a
 3  sentence on you.  Do you understand that?
 4          THE DEFENDANT:  Yes, sir.
 5          THE COURT:  Mr. McQueen, if sentenced to a term of
 6  imprisonment, you will not be released on parole, because parole
 7  has been abolished in the federal system.  Do you understand
 8  that?
 9          THE DEFENDANT:  Yes, sir.
10          THE COURT:  Mr. McQueen, you need to also understand
11  that after sentence is imposed on you, not only would you have
12  the right to appeal any sentence, but that the government also
13  could appeal a sentence imposed on you.  Do you understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  Mr. McQueen, to this charge, you have the
16  right to plead not guilty and to persist in that plea.  You
17  would then have the right to a trial by jury at which you would
18  be presumed innocent and the government would be required to
19  prove beyond a reasonable doubt your guilt.  At that trial, you
20  would have the right to the assistance of counsel for your
21  defense, the right to see and hear all witnesses and have them
22  cross-examined in your defense.  You would have the right on
23  your own part to decline to testify unless you voluntarily
24  elected to do so in your defense, and you would have the right
25  to issue subpoenas to compel witnesses to come to court to
```

```
 1  testify in your defense.  Mr. McQueen, do you understand your
 2  right to a trial and the other rights I've explained to you?
 3          THE DEFENDANT:  Yes, sir.
 4          THE COURT:  Mr. McQueen, at that trial, if you decided
 5  to not testify or to not introduce any evidence, those facts
 6  could not be used against you.  Do you understand that?
 7          THE DEFENDANT:  Yes, sir.
 8          THE COURT:  Mr. McQueen, by pleading guilty to this
 9  charge, you are giving up your right to a trial and the other
10  rights that I've mentioned to you.  There will be no trial of
11  any kind.  And based solely on your guilty plea, the court will
12  find you guilty and later impose sentence on you.  Do you
13  understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  At a trial on this charge, Mr. McQueen, the
16  government would be required to prove beyond a reasonable doubt
17  that you knowingly and intentionally possessed cocaine
18  hydrochloride or a mixture of a substance containing at least
19  500 grams or more of cocaine hydrochloride and that you
20  possessed that substance with the intent to distribute it --
21  that means to in any way pass it along to some other person --
22  and that you did so knowingly.  Do you understand what the
23  government would be required to prove beyond a reasonable doubt
24  at a trial in this case?
25          THE DEFENDANT:  Yes, sir.
```

```
 1          MS. HARDWICK:  Your Honor, may the government
 2  interrupt?  The indictment also charges that Mr. McQueen
 3  possessed marijuana.  The government would have to also --
 4          THE COURT:  Was there a superseding indictment?
 5          MS. HARDWICK:  No, Your Honor.  It just states and
 6  marijuana, a Schedule I controlled substance.
 7          THE COURT:  Oh, it does.  You're right.  I misread it.
 8          The government would also be required, Mr. McQueen, to
 9  prove beyond a reasonable doubt that you possessed marijuana
10  with the intent to distribute that substance and that you did so
11  knowingly.  Do you understand there what the government would
12  also be required to prove?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  All right.  Before I can accept your guilty
15  plea, I must be satisfied that there is a factual basis for it.
16  Who wishes to ask him the questions to establish that?
17          MS. HARDWICK:  The government will, Your Honor.
18          THE COURT:  Thank you.
19          MS. HARDWICK:  Mr. McQueen, on July 27, 2006, were you
20  in Montgomery County on Cherry Street driving a Saturn
21  automobile?
22          THE DEFENDANT:  Yes, ma'am.
23          MS. HARDWICK:  And were you stopped by law enforcement
24  officers on that day?
25          THE DEFENDANT:  Yes, ma'am.
```

```
 1         MS. HARDWICK:  Were you in the possession of cocaine
 2  hydrochloride?
 3         THE DEFENDANT:  Yes, ma'am.
 4         MS. HARDWICK:  On the floorboard of the car?
 5         THE DEFENDANT:  Yes, ma'am.
 6         MS. HARDWICK:  Subsequent after that stop, Mr. McQueen,
 7  was -- were two residences searched, one at 8833 Ashland Park
 8  Drive and the other at 2220, I believe, Windsor Avenue, where
 9  further marijuana and cocaine hydrochloride were found?
10         THE DEFENDANT:  Yes, ma'am.
11         MS. HARDWICK:  A total -- Mr. McQueen, were you in
12  possession of over 500 grams of cocaine hydrochloride, which is
13  a mixture of powder cocaine?
14         THE DEFENDANT:  Yes, ma'am.
15         MS. HARDWICK:  In addition, were you in possession of
16  over 2,000 grams of marijuana?
17         THE DEFENDANT:  Yes, ma'am.
18         MS. HARDWICK:  Your Honor, there were other items, but
19  they were not charged in the indictment.
20         And did that happen in the Middle District of Alabama?
21         THE DEFENDANT:  Yes, ma'am.
22         THE COURT:  That happened in Montgomery County?
23         THE DEFENDANT:  (Nods head)
24         MS. JAMES:  Yes, sir.
25         THE COURT:  All right.  Is the government satisfied?
```

```
 1          MS. HARDWICK:  Yes, Your Honor.
 2          THE COURT:  The defense?
 3          MS. JAMES:  Yes.
 4          THE COURT:  Mr. McQueen, I've told you the rights that
 5  you have and the rights that you give up by pleading guilty to
 6  this charge as contained in count one of the indictment.  Do you
 7  still desire to plead guilty to that charge?
 8          THE DEFENDANT:  Yes, sir.
 9          THE COURT:  Mr. McQueen, to count one of the
10  indictment, how do you plead?
11          THE DEFENDANT:  Guilty.
12          THE COURT:  Mr. McQueen, the Court finds that you are
13  fully competent and capable of entering an informed plea, that
14  you are aware of the nature of the charge against you and the
15  consequences of your plea.  I further find that your plea of
16  guilty is a knowing and voluntary plea supported by an
17  independent basis in fact containing each of the essential
18  elements of the offense.  The Court therefore accepts your plea
19  and you are now adjudged guilty of count one of the indictment.
20          You will remain in custody pending further proceedings
21  in this court.
22          Anything further?
23          MS. HARDWICK:  No, Your Honor.
24          THE COURT:  Thank you, counsel.  Have a happy New Year.
25          MS. HARDWICK:  You too, Your Honor.
```

1      (Proceedings concluded at 11:01 a.m.)

2                  * * * * * * * * * *

3              COURT REPORTER'S CERTIFICATE

4         I certify that the foregoing is a correct transcript

5  from the record of proceedings in the above-entitled matter.

6         This 8th day of June, 2007.

7

8                                  /s/ Risa L. Entrekin
                                   Registered Diplomate Reporter
9                                  Certified Realtime Reporter
                                   Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25