Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

_____

March 20, 2008

**Appeal Number: 07-11402-BB**
Case Style: USA v. Ronald McQueen
District Court Number:  06-00198 CR-W-N

TO:   Debra P. Hackett

CC:   Susan Graham James

CC:   Tommie Brown Hardwick

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 20, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-11402-BB**
Case Style: USA v. Ronald McQueen
District Court Number:  06-00198 CR-W-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 07-11402

District Court Docket No.
06-00198-CR-W-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 20, 2008

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD MCQUEEN,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

-----------------------------------------------------------------

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 2 0 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    February 20, 2008
For the Court:    Thomas K. Kahn, Clerk
By:    Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 07-11402
Non-Argument Calendar

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 20, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00198-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD MCQUEEN,

Defendant-Appellant.

----------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

----------------------------------------------------------------------

(February 20, 2008)

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ronald McQueen appeals his 180-month sentence for possession with intent to distribute 500 grams or more of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

McQueen argues that his sentence was unreasonable because the district court relied on the same factors already used to calculate his Sentencing Guidelines range to impose a sentence 60 months above the advisory Guidelines range.

Because McQueen was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review his sentence for reasonableness in the light of the section 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the

sentence is unreasonable in the light of [the] record and the factors in section

3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that McQueen's sentence was reasonable. Though his 180-

month sentence was above the advisory Guidelines range of 100 to 125 months, it

was well below the 480-month statutory maximum sentence. See 21 U.S.C. §

841(b)(1)(B); Winingear, 422 F.3d at 1246 (comparing, as one indication of

reasonableness, the actual prison term imposed against the statutory maximum).

In addition, the district court explained that it considered the section 3553(a)

factors and that a sentence above McQueen's advisory Guidelines range was

appropriate. The district court specifically noted that McQueen's sentence

reflected the seriousness of his prior criminal history -- which included several

unscored firearm offenses and a state murder conviction for which he served only

one year in prison -- and served to protect the public, promote respect for the law,

and deter McQueen from committing more crimes. The district court also

considered other of McQueen's characteristics, including his several probation

violations, sparse employment history, and need for drug treatment.[1] The district

court was not required to state on the record that it explicitly considered each of

---

[1] The district court also considered that, as part of the instant offense, McQueen had driven recklessly and fled on foot from police officers when they attempted to apprehend him. These facts were not included in the calculation of his Guidelines range.

3

the section 3553(a) factors.  <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir.

2005).

The district court also could determine the appropriate weight to give to the

Guidelines after considering the section 3553(a) factors.  <u>See</u> <u>United States v.</u>

<u>Hunt</u>, 459 F.3d 1180, 1185 (11th Cir. 2006) (explaining that "the Guidelines . . .

serve as a starting point for consideration as to whether a given sentence is

'reasonable' in view of the entirety of section 3553(a).").  Here, the district court

determined that the Guidelines range did not yield a reasonable sentence; and

nothing in the record convinces us the sentence was unreasonable.[2]

McQueen also argues that the district court was required, as a matter of due

process and under Fed.R.Crim.P. 32(h), to give him advance notice of its intent to

depart upward from the Guidelines range.  But here, the court explicitly noted that

it was applying a variance based on its consideration of the section 3553(a)

factors, not an upward departure based on Guidelines' departure provisions.  And

we have concluded that the notice requirement of Rule 32(h) does not apply to

---

[2]In his brief, McQueen opines that the reasonableness standard is unpredictable and creates sentencing disparities.  But his disagreement with the mandated standard of review does not demonstrate how his sentence in this particular case was unreasonable.  In addition, McQueen's arguments that his sentence was unreasonable (because it was imposed in violation of the Sixth Amendment and enhanced under 21 U.S.C. § 851) are meritless, as the record clearly indicates that the district court sentenced McQueen under advisory guidelines and did not impose a section 851 enhancement.

Booker variances.  United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) (explaining that "[a]fter Booker, parties are inherently on notice that the sentencing guidelines range is advisory . . . [P]arties cannot claim unfair surprise or inability to present informed comment . . . when a district court imposes a sentence above the guidelines range based on the section 3553(a) sentencing factors."), cert. granted, ___ S.Ct. ___ (Jan. 4, 2008) (No. 06-7517).[3]  Accordingly, the district court was not required to give advance notice of its intent to impose a sentence above the advisory Guidelines range.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[3]In his brief, McQueen argues that the Irizarry decision violates Rule 32(h) and notes that other circuits are in disagreement with it.  But Irizarry is controlling in the instant case because we have not, sitting en banc, overruled it; nor has the Supreme Court.  See Hunt, 459 F.3d at 1181 n.1.

5